EASTERN DIST.
*March*, 1840.

JONES
*vs.*
MANSKER.

---

JONES *vs.* MANSKER.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

The statute of 1827, in relation to protests and notices, introduced few, if any, rules derogatory to the commercial law.  It only provides new modes of proof of demand and notice to the parties to notes and bills of exchange, leaving their effect to be determined by the commercial law.

The rules laid down in the Code of Practice in relation to service of citations, have no application to the service of notices of protest of bills and notes.

A notice of protest left at the defendant's store, with his clerk, or on his desk, or thrust under his door during business hours, is sufficient to bind him as endorser.

This is an action against the endorser of a promissory note.   The defendant admitted his signature, but denied his liability under his endorsement.

At the trial, the plaintiff offered the protest and the notary's certificate of notice to the defendant, of the dishonor of the note, in evidence. The defendant's counsel objected : 1st. That neither of the documents purported to be a copy from the original on file. 2d. That the statement in the notary's certificate of the manner in which notice of protest was served, to wit : that "it was forwarded to the endorser, James Mansker, being delivered to his clerk at his store by the notary," is not evidence to prove to whom notice was delivered ; or that the person to whom said notice was delivered, was the clerk of the said Mansker ; or was authorized by him to receive notices of protest. These objections were overruled, and the documents admitted in evidence, and the *defendant's* counsel took his bill of exceptions. The court remarked that the objections went to the effect of the evidence, and not its inadmissibility.

The protest purports to be the original ; and the certificate is attested by the notary as a true copy from the original on file in his office.

The court was of opinion the plaintiff failed to make out his case, and gave judgment of non-suit, from which the plaintiff appealed.

*Brunot*, for the plaintiff and appellant.

1. The notice of the dishonor of the bill is sufficient in this case to bind the endorser, the law requiring only such diligence as will ordinarily bring home notice to the party sought to be charged : See *Bank of the United States* vs. *Hatch*, 6 *Peters' Reports*, 256 ; *Steadman* vs. *Gooch*, 1 *Espinasse's Reports*, 4.

2. When the person to be charged has a dwelling and a counting house, or place of business in the same town, notice left at either of these places will be sufficient ; the rule of law is, that if the holder of the bill has used such modes of communication as affords reasonable ground for presuming that the notice will be brought home to the party without unreasonable delay, he has done all it requires. See *Bank of Columbia* vs. *Lawrence*, 1 *Peters' Reports*, 578 ; *Chitty on Bills* 488, *and notes*.

EASTERN DIST.
March, 1840.

JONES
vs.
MANSKER.

3. The statute of 1827, makes the certificate of the notary "evidence of all the matters therein stated," and he certifies that he delivered the notice to the clerk of the defendant, at his store; if the defendant had no store or clerk at the time, it was for him to prove, but he has not attempted to do one or the other, and the facts certified to by the notary are true and remain uncontradicted. See 1 *Moreau's Digest*, 96.

*T. G. Morgan*, for the defendant and appellee, insisted there was no error in the judgment, and that it should be affirmed. Protests should be recorded. 12 *Louisiana Reports*, 467.

2. The statutes of 1821 and 1827, are in *pari materia*, and must be construed together. They clearly show that the protest must be recorded. 7 *Louisiana Reports*, 162.

3. The statement of the notary, that he delivered the notice to the clerk of the defendant, is not evidence that the person designated was the clerk. 13 *Idem.*, 342.

*Morphy, J.*, delivered the opinion of the court.

This case, which is a suit against the endorser of a promissory note, turns entirely on the sufficiency of the notice which the holder was bound to give him of the default of the drawer. The notary, in his protest and certificate executed in conformity with the statute of 1827, states, that on the day of the protest of this note, he delivered a written notice of such protest to defendant's clerk, at defendant's store, in the town of Baton Rouge. This is said to be insufficient. It has been contended, that the name of this clerk should have been given; that this statement of the notary is not evidence that the person designated was really the clerk of defendant; that by not giving the name, the notary has put it out of the defendant's power to disprove his statement. We have been referred to the provisions of the Code of Practice, in relation to the service of citations issuing from our courts, as furnishing safe and proper rules for the notaries to follow in delivering their notices of protest, and making out their certificates thereof.

JONES
vs.
MANSKER.

The statute of 1827, in relation to protests and notices, introduced few, if any, rules derogatory to the commercial law. It only provides new modes of proof of demand and notice to the parties to notes and bills of exchange, leaving their effect to be determined by the commercial law.

The rules laid down in the Code of Practice in relation to service of citations, have no application to the service of notices of protest of bills and notes.

A notice of protest left at the defendant's store with his clerk, or on his desk, or thrust under his door during business hours, is sufficient to bind him as endorser.

This court has frequently had occasion to express the opinion, that the law of 1827 introduced few, if any, new rules derogatory to the commercial law, on the subject of demands and notices on the drawers and endorsers of notes and bills of exchange; that it creates only an additional and peculiar mode of proving such demands and notices, leaving all questions about their sufficiency and legality to be determined by the law merchant. There is, perhaps, no subject on which uniformity in the laws and decisions among all the states of this Union is more desirable than the one under consideration. To apply the rules laid down in our Code of Practice, for the service of judicial citations, to the delivery of notices of protest of notes and bills of exchange, would be to overthrow at once, without reason or necessity, the whole doctrine of the *lex mercatoria* in these matters.

The general rule of the commercial law, applicable to the subject, has long since been settled, that if the parties reside in the same city or town, the endorser must be personally notified of the dishonor of the note or bill, or notice must be left at his dwelling house or place of business; either mode is sufficient. In this case notice was left at defendant's store, with his clerk. A store is such a place of business, where a notary might very properly look for the person to whom notice was to be delivered, or for some person authorized by him to receive it. The notary's certificate is *prima facie* evidence, under the statute, of all the matters therein stated, liable to be rebutted by other evidence. If the defendant had no store or clerk at the time, it was competent for him to show it, or to prove that his clerk, if he had one, was not the person who received the notice. This the defendant has not attempted to do: but even had the notary, finding no one in the store, left a notice on a desk, or finding the store closed, thrust it under the door, during business hours, the defendant could have no ground of complaint. *Steward vs. Eden, 2 Caine's Reports, page 121.* The obligation is to call at the dwelling house of the endorser, or at his place of business. If the endorser has left no one there to attend to his affairs, it is his loss, and the holder of the bill or note has done his duty and all that the

law demands of him. The rule is, that you must come as near to what is required as you can, and if the party has put it out of your power to do more, you have done what is sufficient. In the language of Judge Story : " the law does not require the highest and strictest degree of diligence in giving notice, but such a degree of reasonable diligence, as will ordinarily bring home notice to the party." But the sufficiency of a notice left in the hands of some one living in a dwelling house, or acting, apparently, as a clerk in a store or counting-house, seems now too well established to be questioned : *Bank of the United States* vs. *Hatch*, 6 *Peters* 257 ; *Franklin* vs. *Verbois et al.*, 6 *Louisiana Reports*, 729. We think that the plaintiff has shown himself entitled to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding now, to give such judgment as should have been rendered below, it is further ordered and adjudged, that the plaintiff do recover of the defendant thirteen hundred and thirty-one dollars and eighty-seven cents, with interest at the rate of ten per cent. per annum from January 28, 1839, until paid, and costs in both courts.