WARREN H. MANADUE, Administrator, v. WILLIAM H. KITCHEN and others.

The certificate of a notary that "he left the notice of protest at the domicil of the endorser," is sufficient. It is not necessary that it should show whether he delivered the notice to one in the house, or simply left it there, as a notice either way is good.

Notice to one who resides in a place where the protest was made, must be served personally, or by leaving it at his residence or place of business.

APPEAL from the District Court of Rapides, *King,* J.

*Brent,* for the plaintiff.

*Hyams,* for the appellant.

MORPHY, J. This is an action against the endorsers of several promissory notes. Judgment having been rendered against them, *in solido,* Joseph M. Sollibellas, one of the endorsers, has appealed.

Want of notice to the endorser is the only point made in this court. The notary says in his certificate that, "notice in writing of this protest was left by me at the domicil of Joseph M. Sollibellas, in the upper suburb of Alexandria, on the 21st day of February, 1840, he being absent," &c. This is said to be insufficient notice, as it does not appear from the notary's certificate, nor from any evidence adduced on the trial below, that the house was *shut up,* or, *if open and inhabited,* that he left it with any one in the house. The language used by the notary clearly implies, we should think, that he found the house open, for if it had been shut, he could not have left the notice at the domicil of the endorser, which we understand to mean, in the house where he resides. When the notary meets any one at the domicil, or in the house of the endorser, whom he wishes to notify, it is customary and, perhaps, proper, for him to mention that he delivered the notice to that person, although it suffices, we think, to mention, as has been done in this case, that he left the notice at the endorser's domicil; the latter expression leaves it doubtful, to be sure, whether he delivered the notice to some person in the house, or whether, finding nobody there, he placed it on a desk or table in the house. In the case of *The Bank of the U. S.* v. *Merle and others,* 2 Robinson,

117, we held, that a notice given either way, or left in the hands of a slave in the house, would be good. We are not aware, nor has it been satisfactorily shown that this decision is at variance with the adjudications on the subject, made either here, or elsewhere. We believe the well settled law to be, that when a person resides in the place where a protest is made, the notice to him must be personal, or left at his residence or place of business. Bailey on Bills, p. 277. 6 La. 727. 15 La. 51, 113, 115, 544.

The appellee has prayed for damages. We do not grant any, as the earnestness with which the appellant's counsel has pressed upon us his views on the subject, induces us to believe that he had some faith in the point he has made. The notes, moreover, bear already interest at ten per cent per annum.

*Judgment affirmed.*