### James T. Flint and another *v.* Isaac Franklin and another.

It matters not in what way the debtor is informed of the transfer or assignment of a debt, provided it be shown that he knew that his former creditor is divested of all right to the debt assigned, and that such knowledge is derived from the transferee, or his agent.

The definition of notice in the 23d paragraph of art. 3522 of the Civil Code, does not apply to notices of the transfer, or assignment of debts.

Notice of the transfer of a debt secured by an endorsed note, given to the last endorser, is sufficient. The liability of several endorsers cannot be transferred to different persons. *Per Curiam:* The endorsers are each bound for the whole of the debt; and if the last endorser should pay, he would have his recourse against the endorser immediately preceding him, which is inconsistent with a right to transfer the liability of different endorsers to different transferees.

APPEAL from the District Court of Rapides, *King,* J.

*Flint* and *Brewer,* appellants, *pro se.*

*Brent* and *O. N. Ogden,* for the defendants.

BULLARD, J.    W. B. Williamson married the widow Manadue, who had children by her first marriage.    They had one child, who married Eli M. Justice.    Mrs. Williamson died leaving two heirs, W. H. Manadue, and Mrs. Justice.    The husband survived her, and there was a considerable property belonging to the community, which was also largely indebted.    Williamson, sometime afterwards left the country, and became a citizen of the Republic of Texas.    It appears that Manadue had been condemned as heir pure and simple of his mother.

In December, 1837, W. H. Manadue was appointed administrator of the estate of his mother, Mrs. Williamson, and in December, 1840, he was appointed curator of the absentee Williamson.    Previously to his appointment as curator of the absentee, to-wit, in February, 1839, there was a private sale of certain property belonging to the community, at which P. M. Cuny made some purchases, and, in conformity to the terms and conditions of the sale, gave three notes, endorsed by Kitchen, Deming, and Solibellas.

Isaac Franklin, being a creditor of the community for a large amount, Manadue, on the 19th February, 1842, as administrator of the estate of Delilah Williamson, and of the community between her and her husband, W. B. Williamson, whose curator he states himself to be, assigned and set over to him (Franklin) the three notes in question, together with many others, in payment, as is stated in the written transfer, of his judgment against W. B. Williamson, Eli M. Justice, and W. H. Manadue.

Manadue, styling himself administrator of the community heretofore existing between W. B. Williamson, the absentee, and Delilah Williamson, deceased, had brought suit against the endorsers upon those notes, and had, in December, 1841, recovered judgment, which was affirmed in the Supreme Court, at the October term, 1842.

Such is the title of the defendant to the judgment recovered in the above mentioned case, based upon the notes transferred to him, February 19th, 1842.    The ownership of that judgment is the subject of the present controversy.

The plaintiffs allege themselves to be the joint owners of the judgment, one of them having purchased the interest of Manadue, and the other that of Williamson, at a sheriff's sale in execution of writs of *fieri facias*, in several cases, two of them upon judgments against W. B. Williamson, and two against Manadue. These sheriff's sales took place in April, 1843. Manadue's interest was sold for $50, and that of Williamson for $50, in a judgment for upwards of five thousand dollars.

The first of the judgments, that of *Neale* v. *W. H. Manadue*, was recovered, December 24th, 1841; the second, that of *Lambeth & Thompson* v. *Jewett et al.*, on the 7th June, 1841; that of *Flint & Co.* v. *Williamson*, on the 24th December, 1841; and that of *Burr* v. *Williamson*, on the 23d of May, 1840.

The transfer by Manadue to Franklin, in the double capacity of administrator of his mother's estate, and curator of Williamson, the absentee, was clearly in discharge of a community debt, and divested both the parties of all interest in the debt. The only question, therefore, is, whether sufficient notice was given to the debtor, in order to make the transfer complete as to third persons.

The evidence of notice is contained in the testimony of Messrs. Brent and Ogden, and particularly of the latter, who stated, that late in October, 1842, after the case of *Manadue, Administrator*, v. *Kitchen et al.* (3 Rob. 261), he had a conversation with Solibellas, who mentioned to him that he had understood that the judgment was going to Franklin, and that if such was the fact that he could settle it without the necessity of issuing an execution. *Witness replied, that the claim was owned by Franklin.* He adds that the conversation was not had with a view of giving notice. It was publicly announced, at the time of the sheriff's sale, that Franklin owned the judgment.

This court has decided in numerous cases, that it matters not in what way the debtor was informed of the transfer, provided it is shown that he knew that his former creditor was divested of all his rights to the debt assigned, and that such knowledge of the fact was derived from the transferee, or his agent. These decisions run through a series of years, both under the old and the new Code, notwithstanding the definition of notice in

art. 3522, § 23, which we are of opinion does not apply to notices of transfer, or assignment of debts.   12 Mart. 702.   1 Mart. N. S. 425.   5 Mart. N. S. 180.   6 Mart. N. S. 286.   17 La. 470.

But it is contended that the notice was given only to one of the debtors, and that Kitchen and Deming never were notified. This is true, and, perhaps, as to them, the plaintiffs have acquired a title to the judgment ; but clearly not, as it relates to Solibellas, the last endorser.   The endorsers are each bound for the whole of the debt ; but if the last endorser should pay, he would have his recourse against his immediate endorser, and that seems inconsistent with the idea that the liability of several endorsers can be transferred to different persons.

Upon the whole we consider the jurisprudence settled on the point presented in this case.

*Judgment affirmed.*