## YEATMAN v. ESTILL.

Where the defendant in an action commenced by attachment appears on appeal, and asks that the judgment against him be reversed, an intervenor cannot object to the mode in which the writ of attachment was executed.

APPEAL from the District Court of Carroll, *Copley*, J. *Stockton* and *Steele*, for the plaintiff. *J. Dunlap*, for the defendant. *Browder*, *Thomas* and *Snyder*, for the intervenor, who appealed. The judgment of the court was pronounced by

EUSTIS, C. J. This is a suit brought by attachment against the defendant *Estill*, an absentee, in which the plaintiff had judgment. An intervention was filed by *Archibald Woods*, in which the debt attached was claimed under an assignment alleged to have been made on the 14th of April, 1841. Judgment was also rendered against the intervening party, and he alone has appealed.

We think the assignment is not proved according to the terms of article 2613 of the Code. Under the evidence we do not feel ourselves called upon to review the decision of the Supreme Court made in reference to this article, and article 3522, § 23, in the case of *Flint et al.* v. *Franklin et al.* 9 Rob. 209. The intervention was properly dismissed.

It is no longer competent for the intervening party to object to the mode in which the writ of attachment has been executed. The defendant has appeared on the appeal, and asked that the judgment against him be reversed.

We think that the acknowledgment of the defendant has relieved the notes from the prescription of five years, and the only difficulty in our minds relates to the service of the writ of attachment. The evidence adduced satisfies us

that the bond attached belonged to *Estill*, and therefore we consider the District Court had jurisdiction to proceed to judgment against him. There was no application in the court below to have the attachment dissolved, and the judgment of the District Court was not asked on the plea to the jurisdiction made by the curator *ad hoc*. There has been no assignment of error in this court. As the case stands before us, the judgment must be affirmed. C. P. 888, 890, *et seq.*     *Judgment affirmed.*