## J. R. Marshall *v.* Parish of Morehouse.

*An agreement to transfer personal effects vests the property in the transferee, but the effect of the transfer is strictly confined to the parties to it until the actual delivery of the object.*

*Personal property transferred by contract, but not delivered, is liable in the hands of the transferror to seizure and attachment by his creditors.*

*An assignment without delivery is conclusive against the assignor and his legal representatives.*

APPEAL from the District Court of the Parish of Morehouse, *Richardson,* J. *Todd & Brigham,* for plaintiff and appellant. *Compton* and *McGuire & Ray,* for defendant.

Cole, J. This suit is instituted upon three several bonds, executed by the President of the Police Jury of the parish of Morehouse, and made payable to *A. D. Peck,* his heirs and assigns.

Plaintiff alleges, his title to these bonds was acquired in the following manner, to-wit : That under two judgments of *Marshall & James* v. *A. D. Peck,* rendered in the District Court of the parish of Morehouse, writs of *fi. fa.* were issued, directed to the Sheriff of the parish of Orleans, and the bonds in suit were seized in the hands of *H. M. Wright,* under process of garnishment issued from the Sixth District Court of the parish of Orleans,—the bonds having been previously pledged by *Peck* to *Wright, Williams & Co.,* of which firm the garnishee was at the time a member, to secure them for advances made to *Peck,*—that after answer made by said garnishee, and due proceedings had before said court, the bonds were ordered to be sold ; the proceeds to be applied, first, to the payment of the debt of *Wright, Williams & Co.,* and the balance to the satisfaction of the writs under which they were seized ; and at the sale made in accordance with the de · cree, plaintiff became the purchaser of the bonds for eighteen hundred dollars cash ; of which $1,588 72 were paid to *Wright, Williams & Co.,* and $84 45 for costs, leaving $126 83 to the credit of the writ.

There were three interventions, to-wit, those of *Boatner, McLeish* and the administrator of *Peck's* succession. *Boatner* claimed one of the bonds by title derived from *McLeish;* the latter having transferred it to his attorneys in a certain suit, and *Boatner* having become the sole owner for a valuable consideration.

*McLeish* intervened, alleging title to all the bonds, except the one which he had transferred to *Boatner,* and averring that the bonds had been transferred to him by the payee, *Peck,* for a good and valuable consideration.

*Bussy,* the administrator of *Peck's* estate, sets forth in his intervention, that the bonds were purchased by plaintiff at a sale decreed in proceedings which had been provoked by *Marshall & James* against *Peck & Wright,* garnishees ; that plaintiff was a member of this firm, and all said proceedings originated and were carried on after the death of *Peck,* and were illegal ; he, therefore, prays to be decreed the owner of the three bonds.

There was judgment, decreeing that the bonds should be paid by the defendant to the administrator of *Peck's* succession, dismissing the interventions of *Boatner* and *McLeish,* as in case of nonsuit, and reserving the right of plaintiff to assert his privilege on the judgment, or its proceeds.

Plaintiff and *Boatner* appealed.

The decision of this cause requires us to notice but one point.

87

*McLeish*, the assignee of *Peck*, and *Boatner*, the transferree of *McLeish*, cannot contest the title of plaintiff, because the bonds were never delivered by *Peck* to his assignee.

In the transfer of debts, rights or claims, to a third person, the delivery takes place between the transferror and the transferree by the giving of the title. C. C. 2612.

The transferree is only possessed, as regards third persons, after notice has been given to the debtor of the transfer having taken place. The transferree may, nevertheless, become possessed by the acceptance of the transfer by the debtor in an authentic act. C. C. 2613.

With respect to personal effects, although the consent to transfer vests the property in the obligee, yet this effect is strictly confined to the parties until the actual delivery of the object. If the vendor, being in possession, should by a second contract transfer the property to another person, who gets possession before the first obligee, the last transferree is considered as the proprietor, provided the contract be made on his part *bona fide*, and without notice of the former contract. C. C. 1916.

In like manner, if personal property be transferred by contract, but not delivered, it is liable in the hands of the obligor to seizure and attachment, in behalf of his creditors. C. C. 1917.

As these bonds were seized before delivery to the assignees, the seizure is, therefore, valid against their claims.

The assignment by *Peck* is, however, conclusive against him and his legal representatives, notwithstanding there was no delivery; for a sale is perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object, and for the price thereof, although the object has not yet been delivered, nor the payment made. C. C. 2431.

The assignment of the bonds by *Peck*, even without delivery to his assignee, divested him and his heirs of their ownership; without, however, depriving his creditors of the right to seize them as his property, and acquire a lawful title thereto under the seizure.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that the plaintiff, *John R. Marshall*, recover of the defendant, the parish of Morehouse, two thousand three hundred and twenty dollars ($2320), with eight per cent. interest thereon from the 19th day of December, 1849, and that the interventions of the intervenors in this suit be dismissed, at their costs, as in case of nonsuit; that defendant pay the costs of the lower court, less those of the interventions which are to be paid by the intervenors, and that the appellants, *Boatner*, and the administrator of the estate of *Peck*, pay the costs of appeal.