J. M. Reelf & Co. *v.* James Boro—John Watt & Co., Garnishees.

In the transfer of debts, rights or credits to third parties, the delivery takes place between the transferror and transferree by the giving of the title.

The transferree is only possessed, as it regards third persons, after notice has been given to the
debtor of the transfer having taken place. The transferree may, nevertheless, become possessed by
the acceptance of the transfer by the debtor in an authentic act.

The property of the debtor is always held liable to his creditors until a full and complete transfer and
tradition is made to the purchaser.

The creditors of a consignor can attach merchandize, or its proceeds, in the hands of the consignee,
until the instructions, verbal or written, to pay the proceeds of sale to a third party have been
communicated to, and the stipulation in his favor accepted, by him. The principle is, that the
consignee must come under direct obligation to the assignee.

There is no such interest shown in a third party as to require him to be cited; nor to make it unsafe
for garnishees to pay as ordered.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
*T. J. & A. G. Semmes* for plaintiffs.    *W. H. Hunt* and *L. M. Day,*
curators *ad hoc.*

Howell, J. This suit was commenced by attachment, and by a supplemental petition, filed on the 12th May, 1859, the appellants, John Watt
& Co., were made garnishees, whose answers, with the interrogatories
propounded, were as follows, to wit :

Int. 1. Are you acquainted with James Boro, the defendant herein,
who lives in Memphis ? If yea, how long have you known him ?

Ans. Yes ; by correspondence, since November, 1857, and personally
since April, 1858.

Int. 2. Do you know such a person as Joseph Boro, or Joseph Boro &
Co. ? If yea, when and where did you first know him or said firm ?

Ans. No.

Int. 3. Did you or not, some two or three months ago, have in your
possession, or under your control, money, or credits, or notes, or bills of
exchange, belonging to the defendant, James Boro ? If yea, state the
amount thereof on 1st March, 1859, and subsequently, and how much
you now have on hand ; and if you have none on hand now in the name
of James Boro, was not a portion thereof or all thereof transferred on
your books to the name of Joseph Boro, or Joseph Boro & Co. ? and
state how much you now have on hand in the name of Joseph Boro, or
Joseph Boro & Co. ?

Ans. This interrogatory is answered by the annexed copy of account
current with James Boro & Co., from October 22, 1858, to May 7, 1859.
We have now on hand at credit of Joseph Boro & Co. $1,930 99.    We
pray that the said copy of the account current annexed be made part of
this answer to this third interrogatory.

Int. 4. Who directed the transfer of funds on your books from the
name of James Boro to Joseph Boro & Co., or Joseph Boro ? If James
Boro did, to whom did he give that direction, and was his direction given

in writing? If yea, annex to your answer a copy of said written direc-
tion.

Ans. James Boro gave us the instructions to make this transfer, verbally, in our counting room, in the latter part of March, 1859.

Int. 5. Who controls the funds in your hands standing in the name of James, or Joseph Boro, or Joseph Boro & Co.? If James Boro controls funds standing in the name of Joseph Boro, or Joseph Boro & Co., by what authority does he do so? and, if that authority be in writing, annex it to your answers.

Ans. I do not know. Our account was kept with James Boro & Co., who instructed us, as before stated, to transfer the balance at their credit to Joseph Boro & Co., whom we do not know.

Int. 6. Is or is not the funds in your hands standing in the name of Joseph Boro, or Joseph Boro & Co., the property of James Boro, or has he an interest therein, and does he not control it as owner?

Ans. I do not know. All that I do know is, that James Boro & Co. instructed us to transfer the balance at their credit to Joseph Boro & Co. So far as we are concerned, we would not pay James Boro & Co. said balance, were they to draw on us, they having transferred said balance to Joseph Boro & Co.

(Signed)                                                    M. Musson.

On the trial of the cause, and without any notice to the garnishees, judgment was rendered directing them to pay over to the plaintiffs the said sum of $1,930 99, to be applied *pro tanto* to the satisfaction of the judgment rendered at the same time against the defendant.

The garnishees complain that this order was improvidently entered and is injurious, not merely to the rights of Joseph Boro & Co., but also to themselves, who are left open to the pursuit of Joseph Boro & Co.

The plaintiffs contend that the transfer, on the books of the garnishees, of the funds from the name of James Boro & Co. to Joseph Boro & Co., had no effect, and that, consequently, they could attach the same and obtain judgment therefor against the garnishees, on their answers, as showing an indebtedness to their debtor.

The first question for solution is, do the answers of the garnishees establish a legal transfer, prior to the attachment, by the defendant to Joseph Boro & Co.? And, if not, do they, in the second place, present such a state of facts as to require the plaintiffs to notify the garnishees before obtaining judgment against them?

1. We think that, tested by the principles of our laws, relating to the assignment of debts and other incorporeal rights, these answers fail to prove a transfer.

"In the transfer of debts, rights or claims, to a third person, the delivery takes place between the transferror and the transferree by the giving of the title." C. C. 2612.

" The transferree is only possessed as it regards third persons, after notice has been given to the debtor of the transfer having taken place. The transferree may, nevertheless, become possessed by the acceptance of the transfer by the debtor in an authentic act." C. C. 2613.

We can find in the answers of the garnishees, or elsewhere in the record, no evidence whatever of any agreement between the transferrors and

transferrees, the giving of a title, or an acceptance by, or on behalf of, the transferrees. Indeed, the garnishees confess entire ignorance of the alleged transferrees, and of their right to control the funds held by them. The transfer on their books, as described, might operate as a title, in the meaning of the Code, when brought to the knowledge of and accepted by the transferrees; but, until such event, the garnishees may be considered as the agents of the transferrors, who may rescind their order and change the destination or direction of the funds.

It is a well settled principle of our law, that the property of the debtor is always held liable to his creditors, until a full and complete transfer and tradition are made to the purchaser. 2 L. 422. 14 L. 10. And, in the case of consignor and consignee, the creditors of the consignor can attach merchandize or its proceeds in the hands of the consignee, until the instructions (verbal or written) to pay the proceeds of sale to a third party have been communicated to, and the stipulation in his favor accepted by, him. 13 A. 551. The principle is that the consignee must come under direct obligation to the assignee.

2. Are the appellants entitled, under the facts presented in their answers, to notice before judgment can be given against them ?

In support of their right to such notice the garnishees rely upon the ruling in the case of *Estell* v. *Goodloe*, 6 A. 122, in which it was held that, when the answer of a garnishee does not contain an unqualified confession of indebtedness, the plaintiff should make the transferree or third person, disclosed as having an interest, a party to the suit, before final judgment can be given against the garnishee. The facts of that case, however, are different from those in this. There, the evidence of the garnishee's indebtedness consisted of certain notes not negotiable, which, by his answers, had been transferred by the defendant and payee, and against which he had an equitable defence. He did not admit unqualified indebtedness to any one. While, in this case, the garnishees show that they have in their hands funds which belonged, at one time, to the defendant, but which they, under instructions from him, transferred on their books to a third party ; a proceeding which we have found to be ineffectual in law, and to have really transferred nothing. There is no such interest shown in a third party as to require him to be cited, nor to make it unsafe to the garnishees to pay as ordered. We conclude, therefore, that, upon their answers, the appellants are the debtors of the defendant, and that they are rightfully ordered to pay to the plaintiffs in attachment.

The correctness of this conclusion is sustained by the presumption arising from the silence of the alleged transferrees, and the payment of $5,000 by the garnishees, as shown by the account made part of their answers, to James Boro & Co., some weeks after receiving instructions to make the transfer on their books.

Judgment affirmed, with costs.