In so doing plaintiff has improperly blended with his demand for relief under the statute above quoted that permitted under R. S. 17 and 3717.

Under the latter sureties may be relieved from *further* liability, and, on due proof of maladministration by the administrator, he may be required to furnish a *new* bond; and upon his failure to do so, within three days after that fact has been judicially ascertained, he may be "forthwith removed," and another appointed in his place.

But that statute, in terms, provides that such proceedings shall be by petition and citation.

The two proceedings are intended to accomplish different results. One is predicated upon the insufficiency of the sureties; and the other upon maladministration by the administrator.

If, after judgment has been rendered upon the trial of the rule to show cause, determining the insufficiency of the sureties on defendant's bond, the latter should fail or refuse to furnish such additional security as is thereby required, he might be destituted; but it could only be accomplished by a *direct action.* Succession of Boyd, 12 Ann. 611.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered in the court below, it is ordered, adjudged and decreed that the defendant's exception be overruled, and the cause remanded to the lower court to be further proceeded with, according to law, upon the rule taken upon the defendant to show cause why he should not furnish additional security; and that the plaintiff's alternative prayer be disregarded; and that all cost be taxed against the plaintiff and appellee.

---

## No. 1289.

### H. C. FARQUHAR vs. H. S. ILES ET AL.

A real tender is a condition precedent, *sine qua non*, to authorize a suit to rescind a judicial sale. When it is alleged, denied and not proved, the plaintiff's action must be dismissed.

APPEAL from the Fourteeth District Court, Parish of Calcasieu. *Read*, J.

---

*R. L. Belden* for Plaintiff and Appellant.

*Mitchell & Gorham* for Defendants and Appellees.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The appellees claim that the value of the real estate, the judicial sale of which is sought to be annulled, is not shown to exceed two thousand dollars, and that this court has no jurisdiction over the controversy.

The plaintiff seeks to recover not only the land, but $500 besides, for the occupancy from the time of sale to the institution of the suit. He swore that the property is worth $2,850, with the buildings and improvements upon it, valuing the land at $900, the gin house at $1,200, the barn at $750, the dwelling and outhouses at $500. A witness places the value at between $1,600 and $1,800. Another appraises it at between $1,000 and $1,500.

The testimony of the defendants, who values the property at $280, which is the amount at which it was adjudicated to him, and the sum at which it was assessed, $600, previous to the sale, are insufficient to outweigh the valuation put upon the property by the plaintiff.

It may well be that bidders were deterred at the sale, for the reason that, like the plaintiff, they considered that the proceedings in execution of the writ of seizure and sale were irregular and void, and did not expropriate the debtor.

The motion to dismiss is overruled.

## ON THE MERITS.

The plaintiff claims that the adjudication made of the property to the defendants is a nullity, for the main reason that the sheriff never did seize and take possession of the same, either actually or constructively, and never placed a keeper on it, though the same was worked as a plantation and was occupied by him and his family.

Other charges are made to affect the validity of services of notices issued under the writ and to establish a conspiracy between the adjudicatee and others, to secure an adjudication at a low price.

Then plaintiff avers a tender to the adjudicatee and to an alleged purchase from him.

The defence is a denial of the tender, the prescription of one year, and the general issue.

From a judgment of *non suit* the plaintiff appeals.

There is nothing to show that the alleged tender was made, previous to the institution of the suit, which is an essential condition precedent.

The offer, during trial, does not cure the omission which is destructive of the right to institute ths suit.

Article 417, C. P., relied upon, refers to tenders by a *defendant* at any stage previous to definitive judgment, and does not apply to those which a *plaintiff* is bound to make previous to suit, to have a standing in court.

This view of the case renders it unnecessary to consider the other questions raised.

Judgment affirmed.

## No. 1290.

### EUGENIE LUNEAU, TUTRIX, vs. ELLEN EDWARDS, ADMINISTRATRIX.

The privilege granted by law in section 128 of the Revised Statutes, in favor of attorneys-at-law for the amount of their professional fees on all judgments obtained by them, cannot be extended so as to affect property which the creditor may have acquired in execution or in satisfaction of the judgment.

When the judgment has been satisfied it ceases to have a legal existence, and hence it cannot be applied to any privilege or other legal purpose.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman*, J.

*L. J. Ducoté* for Plaintiff and Appellant.

*A. V. Coco* and *E. N. Callum* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. The only question presented on appeal in this case, which properly should have been entitled "Succession of Fielding Edwards, on Oppositions to Tableau of Debts," is the asserted privileges of an attorney-at-law, predicated on section 128 of the Revised Statutes (acts of 1868, p. 209), which reads as follows:

"From and after the passage of this act, in addition to the privileges enumerated in title twenty-first of the Civil Code of this State, a special privilege is hereby granted in favor of attorneys-at-law for the amount of their professional fees on all judgments obtained by them, to take rank as a first privilege thereon."

The following are the facts which bear on the issue presented:

Opponent was the counsel of Fielding Edwards a short time before his death in an action for the revindication of the possession of a tract of land established as a plantation, and its appurtenances, which had gone-into the possession of the defendant in the suit, under an agreement of a future sale between him and Edwards.