ROBERT HAYNES TARRANT, INC., v. HOLDEN ET UX.

.

———

(April 18, 1932. Opinion and Decree.)

———

Arthur B. Leopold, of New Orleans, attorney for plaintiff, appellee.

Quintero & Ritter, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. The plaintiff corporation, Robert Haynes Tarrant, Inc., brings this suit against the defendants, in solido, upon two claims orally assigned to it by Robert Haynes Tarrant and his sister, Mrs. Colston.

Mr. Tarrant's claim amounting to $115 is alleged to cover the purchase price of two garden benches and one Spanish jar, and Mrs. Colston's claim in the sum of $160 is said to represent the balance due for services and materials furnished in making lamp shades, draperies, portieres, etc., or a total sum of $275, for which judgment is asked against the defendants.

The defense is twofold:

First, that the failure to allege or prove notice to the debtor of the assignment of the claim as required by the provisions of article 2643, R. C. C., invalidated the assignment; and,

Second, that the original creditors had been paid by the defendants.

There was judgment in favor of the plaintiff allowing the claim of $160, but disallowing the claim of $115, and defendants have appealed. Plaintiff has answered the appeal asking that the award be increased to the amount prayed for.

The article of the Code, art. 2643, relied upon by defendants, reads as follows:

"The transferee is only possessed, as it regards third persons, after notice has

been given to the debtor of the transfer having taken place.

"The transferee may, nevertheless, become possessed by acceptance of the transfer by the debtor in an authentic act."

In the case of Flint et al. v. Franklin, 9 Rob. 207, the question arose as to whether the debtor had been notified of the assignment. It was shown that it was publicly announced at the time of the sheriff's sale that the transferee was then the owner of the claim and, also, that in a conversation the debtor was notified, although, at that time, the statement was made without any intention of giving the debtor notice. The court said:

"This court has decided in numerous cases, that it matters not in what way the debtor was informed of the transfer, provided it is shown that he knew that his former creditor was divested of all his rights to the debt assigned, and that such knowledge of the fact was derived frcm the transferee, or his agent."

The notice required by the above article of the Code is subject to no special formality and may be given in any manner which would apprise the debtor of the fact that his creditor has divested himself by the assignment. The serving of the petition and citation on the defendants in this case is sufficient to meet the requirements of the codal provision.

Counsel for defendants has referred us to the case of Lehman Dry Goods Co. v. Lemoine, 129 La. 382, 56 So. 324. We do not find that case in point, for there the court found as a matter of fact that the debtor had never been notified of the assignment in any manner whatsoever.

Passing to the merits of the case we shall first take up the claim for the garden benches and Spanish jar amounting to the sum of $115. Mr. Tarrant testified on cross-examination that these articles were sold and delivered on April 19, 1929, to Mr. and Mrs. Holden; that prior to that time he sold them several other Spanish jars; that the defendants had paid him in full for the purchase price of all articles up to April 19, 1929; and that the only indebtedness thereafter was the present claim which was unpaid.

Mr. Holden, as a witness in his own behalf, identified three of his checks totaling the sum of $120 covering the charges of $45 each or $90 for two benches; $25 for the Spanish jar and $5 drayage fee. The checks are dated May 2, 1929, and May 10, 1929, respectively. The trial court, who heard and saw the witnesses, believed that these checks were in liquidation of the present claim, and in view of Mr. Tarrant's repeated statements that all purchases prior or to April 19, 1929, when the present claim arose, had been paid for, it would appear to us that the testimony of Mr. Holden is well supported that these checks were in full payment of the claim of $115.

Finally, with reference to the claim of $160 covering furnishings, Mrs. Colston gave a detailed explanation of these items and swore to the correctness of the itemized statement which was annexed to the petition. Mrs. Holden was not produced as a witness and her absence was unexplained. Mr. Holden was uninformed as to the subject-matter. Under the circumstances we believe that the conclusion of the trial court in allowing this claim was proper.

For the reasons assigned the judgment appealed from is affirmed.