## LIBERTY SHOP, Limited, v. COLSTON.

### No. 14274.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

Arthur B. Leopold, of New Orleans, for appellant.

L. R. Wertheimer, of New Orleans, for appellee.

JANVIER, J.

The Liberty Shop, Limited, obtained judgment against Mrs. Colston, and, in an effort to collect the amount thereof, provoked the issuance of a writ of fieri facias and the seizure under that writ of a judgment rendered in favor of plaintiff in a suit entitled Robert Haynes Tarrant, Inc., v. Mr. & Mrs. H. S. Holden (La. App.) 141 So. 100. Thereupon the corporation, Robert Haynes Tarrant, Inc., by affidavit, claimed to be the owner of the said judgment against Mr. and Mrs. Holden, and sought to have the seizure thereof released.

The Liberty Shop, Limited, then proceeded to traverse the said affidavit, and by rule nisi called upon all parties to show cause why the said judgment nominally in favor of Robert Haynes Tarrant, Inc., should not be declared to be the property of Mrs. Colston and, as such, subject to the payment of the judgment which the Liberty Shop was attempting to satisfy.

On the said rule, judgment was rendered in favor of the Liberty Shop, Limited, and from that judgment Mrs. Colston has appealed.

Liberty Shop, Limited, now moves to dismiss the appeal contending that Mrs. Colston has no interest in the matter, since she claims to have assigned all of her interest in the property seized to Robert Haynes Tarrant, Inc. Mover thus asserts that in any event Mrs. Colston, appellant, cannot benefit by a reversal of the judgment below; the argument being that if the judgment is reversed then the judgment against Mr. and Mrs. Holden will be the property of Robert Haynes Tarrant, Inc., whereas if it is not reversed the judgment will be subjected to the claim of Liberty Shop, Limited, and in neither event will Mrs. Colston be interested therein. But this argument overlooks the fact that Mrs. Colston contends that the assignment by her of the claim against Mr. and Mrs. Holden to Robert Haynes Tarrant, Inc., was made in

payment of a claim which that corporation had against her, and it may well be that she is more interested in satisfying that claim than in paying the judgment of the Liberty Shop. What her reasons may be are immaterial at this time. Her desire to pay the one rather than the other gives her an appealable interest in the matter in controversy. It is true that in no event can she later on claim to be the owner of the judgment against Mr. and Mrs. Holden, but she is certainly interested in seeing that her assignment of her right to that claim be made effective. She therefore has an appealable interest.

The motion to dismiss the appeal is denied.

Motion to dismiss denied.