2 So.2d 6

**FOLSE v. DALE et al.**

No. 35605.

March 31, 1941.

Rehearing Denied April 28, 1941.

See, also, 194 La. 180, 193 So. 581.

Carville & Carville, of Plaquemine, and Morrison, Morrison & Boggs, of New Orleans, for plaintiff-appellee.

John Pat. Little, of New Orleans, for defendants-appellants.

HIGGINS, Justice.

The plaintiff, as the executrix of the succession of her husband, Alcide Daigle, filed suit against Mrs. Jennie Maestri Dale, wife of Arthur C. Dale, Arthur C. Dale, an interdict, through his curator, Rudolph Cruz, Lazare Maestri, as an interposed adjudicatee, the State of Louisiana, as the seizing creditor, the Recorder of Mortgages, the Clerk of the Civil District Court and the Constable of the First City Court, to be recognized as the assignee and owner of a certain judgment in favor of the Espoire Realty Company, Inc., against Mr. and Mrs. Arthur C. Dale, in solido, in the principal sum of $3,500; to have annulled the seizure and the sale of the judgment to Lazare Maestri by the Constable of the First City Court of New Orleans under a writ of fieri facias issued in execution of the judgment in favor of the State of Louisiana against the Espoire Realty Company, Inc., for the nonpayment of franchise taxes which it owed the State; to have the State, as well as all other parties defendant, declared bound by the alleged assignment of the judgment to the plaintiff; to have the acts of Lazare Maestri (purchaser of the $3,500 judgment at public sale), in satisfying the docket of the Civil District Court where the $3,500 judgment was rendered,

and, in obtaining. the cancellation of the mortgage securing the $3,500 note sued upon, pronounced without any legal effect; to have the clerk of the Civil District Court ordered to cancel and erase the inscription of the satisfaction of the docket in the suit of the Espoire Realty Company, Inc., against Mr. and Mrs. Arthur C. Dale; to have the recorder of mortgages erase the cancellation of the mortgage · and the recordation of the judgment of $3,500; and to have the recorded $3,500 judgment given full force and effect against the judgment debtors as a general mortgage.

The clerk of the Civil District Court did not make any appearance. The constable, the recorder of mortgages and the State filed exceptions, which were maintained, and the suit was dismissed as to these defendants. The plaintiff's attorneys concede that the action of the trial judge in this respect was proper and make no complaint on that score. The defendants, Lazare Maestri, Mrs. Dale and Rudolph Cruz, the curator of the interdict Arthur C. Dale, filed exceptions of no right and no cause of action on the ground that a tender of the amount paid by the adjudicatee at public sale for the judgment was a condition precedent to the institution of the suit by plaintiff. The exceptions were overruled and defendants filed their answers, denying the alleged assignment and that notice thereof was given to the judgment debtors, Mr. and Mrs. Dale. The case was tried on these issues and judgment was rendered in favor of the plaintiff and against the defendants, as prayed for, and they have appealed devolutively and suspensively.

The plaintiff moved to dismiss the appeal, but the motion was overruled by us. 194 La. 180, 193 So. 581.

In this Court, counsel for the defendants raised the question that as the franchise tax statute places a lien and privilege on all assets, movable and immovable, of a corporation, to secure the payment of the franchise tax and this lien attaches to the movable property or chose in action and follows it even after it is sold by a corporation to a third person for value and, therefore, when the State sold the $3,500 judgment in satisfaction of its lien for the unpaid franchise taxes, the adjudicatee became the lawful owner of the $3,500 judgment, because it was sold under the preferential rights, or lien and privilege, of the State over those of the alleged assignee of the judgment.

In support of the exceptions of no right or cause of action, counsel has referred us to Farquhar v. Iles et al., 39 La.Ann. 874, 2 So. 791. In that case, the judgment debtor sued the adjudicatees to have the sale of his property to the defendants set aside because the sheriff had not seized and taken possession of it. The defendants denied the alleged tender of the purchase price, which the plaintiff had indirectly received and obtained the benefit of, and averred that tender thereof was a sacramental prerequisite to the institution of the suit to rescind and annul the judicial sale. The Court sustained that defense. The case is not applicable to the instant one. Here the assignee, a third person, as owner, claims that the constable illegally seized her property instead of the judgment debtor's (the Espoire Realty Company's) property, and,

therefore, she was under no obligation to return the purchase price because she had received no part thereof or benefit therefrom. The exceptions were properly overruled.

The defendants contend that the seizure and sale of the $3,500 judgment is legal because neither the assignor, the Espoire Realty Company, Inc., nor the assignee, the executrix of the Succession of Alcide Daigle, ever notified the debtors, Mr. and Mrs. Dale, of the alleged assignment prior to the time the State seized and sold the judgment. The plaintiff takes the position that proper legal notice of the assignment was given to the debtors before the seizure and sale and, therefore, the seizure and sale are null and void, because the plaintiff had then become the owner of the judgment or chose in action which was not subject to seizure and sale in satisfaction of the assignor's debt.

Under Chapter 12, title 7, art. 2642 et seq., Revised Civil Code, on the subject "Of the assignment or transfer of credits and other incorporeal rights", we find:

"2642 (2612) (N 1689). *Delivery by giving title.*—In the transfer of credits, rights or claims to a third person, the delivery takes place between the transferrer and transferree by the giving of the title."

"2643 (2613) (N 1690). *Effect of delivery as to debtor—Notice.—The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.* [Italics ours.]

"The transferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act."

"2644 (2614) (N 1691). *Payment by debtor to transferrer before notice—Effect.* —If, previous to notice having been given of the transfer to the debtor, either by the transferrer or by the transferree, the debtor should have made payment to the transferrer, the debtor is discharged of the debt."

"2645 (2615) (N 1692). *Transfer of credit—Accessories included.*—The sale or transfer of a credit includes every thing which is an accessory to the same; as suretyship, privileges and mortgages."

"2646 (2616) (N 1693). *Warranty of existence by seller.*—He who sells a credit or an incorporeal right, warrants its existence at the time of the transfer though no warranty be mentioned in the deed."

In Volume 6 Corpus Juris Secundum, under the title of Parol Assignments, § 45, page 1093, we find: "As a general rule, in the absence of a statute to the contrary, any valid right or chose in action may be assigned orally regardless of whether it is evidenced by a writing, and in equity, ordinarily, parol and written equitable assignments are of equal validity. * * *"

In the case of Robert Haynes Tarrant, Inc. v. Holden et ux., 19 La.App. 598, 141 So. 100, the court quoted the following pertinent language from Flint et al. v. Franklin, 9 Rob. 207; "This court has decided in numerous cases, that it matters not in what way the debtor was informed of the transfer, provided it is shown that he knew that his former creditor was divested

of all his rights to the debt assigned, and that such knowledge of the fact was derived from the transferee, or his agent."

■ In the case of Strudwick Funeral Home, Inc. v. Liberty Industrial Life Ins. Co., Inc., La.App. Parish of Orleans, 176 So. 679, 681, the Court said: "Likewise, under Article 2643 of the Civil Code, the debtor is entitled to notice of the assignment and, while it is held that no particular form of notice is necessary, it is essential that the notice given be such as to inform him that his former creditor has divested himself of all of his (creditor's) rights to the thing assigned." See also Adams, Brown & Co. v. L. Feibleman & Co., La. App. Orleans Parish, 152 So. 693. Sintes v. Commerford, 112 La. 706, 36 So. 656 and Johnson & Co. v. Boice & Frellsen, 40 La. Ann. 273, 4 So. 163, 8 Am.St.Rep. 528.

In this case, the Espoire Realty Company, Inc., obtained a judgment against Mr. and Mrs. Arthur C. Dale, in solido, for the sum of $3,500 based upon their joint note for that amount, which was secured by a conventional mortgage. The judgment was dated February 15, 1933 and was properly recorded in the mortgage office. On April 1, 1935, the State of Louisiana secured a judgment against the Espoire Realty Company, Inc., in the First City Court of New Orleans for the nonpayment of its corporate franchise taxes for the year 1933–1934 amounting to the sum of $49.06, plus penalties, interest, costs of court, etc., imposed by Act No. 8 of the Legislature of 1932, as amended. This judgment was also recorded in the mortgage office. On March 19, 1936, the Espoire Realty Company, Inc., executed a written assignment of the $3,500 judgment against the Dales to the plaintiff, as executrix of the estate of her husband, Alcide Daigle. The assignment was neither recorded in the mortgage office nor made a part of the judicial record by motion and order. On May 20, 1938, the State obtained a writ of fieri facias from the clerk of the First City Court under its judgment against the realty company and caused the constable to seize and sell the judgment that the realty company had obtained against the Dales. The sale took place on July 8, 1938 and Lazare Maestri, brother of Mrs. Dale, was the adjudicatee, apparently for the benefit of his sister and her husband, the Dales. The notice of the seizure was served on the realty company, Mrs. Dale, Rudolph Cruz (as curator of the interdict, Arthur C. Dale), the judgment debtors, and the clerk of the Civil District Court. Notice of seizure was not served on plaintiff, a resident of Iberville Parish, as assignee, because she was not known to the State as a party at interest. After purchasing the judgment, Lazare Maestri had the docket of the Civil District Court marked satisfied and had the recordation of the mortgage and the judgment cancelled. On February 15, 1939, the present suit was instituted by the plaintiff against the defendants.

■ While the assignment was in writing, the notice thereof to the debtors was verbal and was delivered in April 1936 by one of plaintiff's attorneys to the curator Cruz, by telephone message, and to Mrs. Dale, by a personal call. Mrs. Dale admits that the attorney called at her home and discussed the matter with her, but denies

that she referred him to her attorney. The curator, Cruz, is also uncertain as to the notice, but the attorney for the plaintiff is positive that the notice was given and subsequent communications between the then attorneys corroborate his statement that verbal notice was given of the assignment to the debtors. While the testimony is conflicting on this point, it is our view that it preponderates in favor of the plaintiff. Since the notice of the assignment of the judgment was given in April of 1936 and the writ of fieri facias was not issued until June 1938, the seizure came too late to affect the new owner's property rights in the judgment.

■ It has been held that the assignment of an incorporeal right grants the assignee an inchoate title only until notice of the assignment is served on the debtor and the assignor's property rights and interest may be seized by his creditor up to the time of notice to the debtor but not thereafter. Kimball v. Plant et al., 14 La. 10; Dolsen v. Brown, 13 La.Ann. 551; Marshall v. Morehouse, 14 La.Ann. 689; Relf v. Boro, 17 La.Ann. 258; White v. Bird, 20 La.Ann. 282; Golsan v. Powell, 32 La.Ann. 521 and Newman v. Irwin, 43 La. Ann. 1114, 10 So. 181.

Counsel for the plaintiff has not referred us to any law which required the assignee to record the assignment in the mortgage office or to have it judicially recognized. Obviously, this would have been a wiser and more precautious procedure to follow. In the absence of any legal requirement to do so, the plaintiff cannot be deprived of her property rights as notice to the debtors was given according to law.

■ The pertinent part of the franchise tax statute, Section 8 of Act No. 8 of 1932, as amended by Act No. 18 of 1934, reads as follows:

"Section 8.

"(1) That if the franchise tax as hereinabove provided is not paid at the time or in the manner specified in this Act by the corporation owing the same, then the Secretary of State shall make in any manner feasible, and cause to be recorded in the mortgage records of the parish or parishes wherein the corporation is doing business in this State, a statement, under oath, showing the amount of the tax due by such corporation, *which statement when filed for record shall operate as a first lien, privilege and mortgage on all the property, assets and effects of such corporation, and said property, assets and effects shall be subject to seizure and sale for the payment of said unpaid franchise tax.* * * *

"(4) *Any and all physical property, assets, effects or things of value belonging to the said tax debtor or debtors,* are hereby declared to be subject to seizure and sale for the payment of the franchise tax herein provided for, *in preference to any and all other claims, liens and privileges, except ad valorem taxes.*" (Italics ours.)

Conceding the contention of defendants' counsel that the lien, privilege, or mortgage granted by the provisions of the above statute follows movable effects and assets into the hands of bona fide purchasers, or assignees, for value, and gives the State the right to seize and sell the movable property or chose in action to satisfy its franchise

tax claim, by preference and priority over all other claims, except for ad valorem taxes, but without deciding that point and refraining from expressing any opinion thereon, it is observed the statute does not provide that the seizure and sale of such tax encumbered property can be legally effected against a purchaser or assignee of the tax debtor without any notice whatsoever to him, or without any contradictory proceedings through which the new owner might protect his interest and ownership of the movable property or chose in action. It is also clear that there is no prohibition in the statute against the delinquent tax debtor selling and disposing of the movable assets, property, or things of value to third persons by sale or assignment for value.; nor is there any provision in the statute which provides that the State shall have the right to disregard any sale, transfer, or assignment of any asset, thing of value, or movable property of the judgment debtor upon which the State has its tax lien and privilege, and proceed solely and only against the tax debtor and ignore the transferee, assignee, or purchaser. Hence, giving full effect to the argument of counsel for the defendants that the State had a preferential tax lien and privilege on the chose in action, the $3,500 judgment to secure the payment of its franchise taxes, or judgment therefor (without deciding the point that such lien and privilege follow the chattel or movable property into the hands of an innocent third person), the best that can be said for the defendants' position is that the State could proceed to seize and sell such movable property or chose in action in the hands of its new owner, after proper notice, or contradictory proceedings with him, and secure the payment of its taxes by preference and priority. But, certainly, the statute in no way authorizes the Secretary of State or any other tax collecting official to completely disregard the transferee, or assignee, or purchaser and give him no notice whatsoever of the seizure and the proposed sale, whereby he would be afforded an opportunity to defend and protect his interest or right of ownership in the seized property. The State is in no different position, in the absence of a provision in the statute giving it the right to ignore the transferee or assignee of the movable property and proceed direct against the tax debtor only, than any other holder of a lien or privilege, who must resort to an hypothecary action as provided for in Articles 61–74 and 709 of the Code of Practice.

In the case of a conventional mortgage on real estate or chattels, the owner of the note can proceed against the original debtor in a foreclosure proceeding via executiva or via ordinaria and ignore the purchaser of the mortgaged property only where there is a pact de non alienando clause in the act of mortgage. We reiterate that the statute does not give the State any such similar right.

Due to the fact that no notice whatsoever of the seizure was served on the plaintiff, the assignee, and she was completely ignored in the matter and received no notice by publication, because the judgment was advertised and sold in New Orleans and she was a resident of Iberville Parish, it is our opinion, as far as she is concerned, that the

judgment is a nullity and the trial judge properly set it aside and reinstated the plaintiff's rights.

The cases of the Hibernia Mortgage Company, Inc. v. Greco et al., 191 La. 658, 186 So. 60, and State v. Bodenger Realty Co., 195 La. 1014, 197 So. 741, are not pertinent, because there the parties claiming superior conflicting rights to the State under the franchise tax law were before the Court.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from is affirmed; appellants to pay all costs.

O'NIELL, C. J., and LAND, J., absent.