SAMUEL, Judge.
Plaintiff, a judgment creditor of the defendant in the amount of $6,456.83, issued garnishment proceedings, with the usual interrogatories, against the National Bank of Commerce in New Orleans. The bank’s answer to the interrogatories admitted that it had on deposit a savings account with a balance of $37,642.21 and two checking accounts with an aggregate balance of $187.18, both in the name of the defendant, and one checking account, in the name of the defendant and one other person, with a balance of $48.21. The answer averred that all of these accounts were pledged to the bank to secure loans made by the bank.
Plaintiff filed a rule to traverse the answer. It alleged that the bank had unin-cumbered funds in its possession belonging to the defendant and subject to garnishment and prayed for judgment against the bank in the amount of its judgment against the defendant. After a trial on the merits the district court rendered judgment in favor of the garnishee bank, dismissed plaintiff’s rule to traverse, and affirmatively recognized that the bank had a valid pledge of all the funds of the defendant on deposit in the bank. The judgment also maintained the garnishment issued in this suit and recognized the lien and privilege resulting therefrom, subject and subordinate to the rights of the bank to the deposits of the defendant and payable only out of any excess of said deposits over the indebtedness of the defendant and Manor Development Corporation, whose loan had been guaranteed by the defendant (the president of the corporation), and subject to the rights acquired by another previous garnishing creditor. Plaintiff has appealed.
Testimony and evidence adduced during the trial of the rule reveal the following facts: Defendant had executed a special written pledge of his savings account to the bank to secure the payment of a loan of $22,000.00 made by the bank to him. In addition, defendant had executed a continuing guarantee agreement in favor of the bank by which, together with other persons, he became the personal guarantor of Manor Development Corporation for the total sum of $528,000.00, the amount of a bank loan to that corporation. Under the terms of this guarantee he bound himself in solido with the debtor corporation and agreed to be bound by all of the terms and conditions contained in any note signed by the debtor to the same extent as though he were a party thereto. The Manor Development loan subsequently was assumed by another corporation and at the time of trial had been reduced to the sum of $167,728.96. That loan is evidenced by eleven remaining demand notes executed by the corporation, each of which notes contains a stipulation that it is secured by the pledge, among other things, of all securities and/or property of every nature whatsoever, including all money, negotiable instruments, etc. that “ * * * may now or hereafter be held by or left in possession or under the control of the Bank alone or with others * * * ” and “ * * * by the balance of every deposit account, which the parties hereto and any of them may at any time have with the Bank.” The bank had filed or planned to file foreclosure proceedings against the corporation but did not go forward with the foreclosure due to the assumption of the loan by the other corporation. It made no effort to seize the accounts of the guarantors of the loan nor did it make any effort to collect from the defendant’s accounts in payment of either the corporation’s or his own indebtedness. Prior to the date of the filing of the instant garnishment it had allowed defendant’s checking *901 accounts to remain active and had permitted two withdrawals, one in payment of a prior garnishment, to be made out of defendant’s savings account.
Plaintiff makes the following contentions: (1)All rights of the bank under its alleged pledges have been waived by permitting a garnishment to be paid in full from the defendant’s savings account and by permitting defendant’s checking accounts to remain active; and (2) Conceding that there was a valid pledge of the defendant’s savings account to secure the loan of $22,000.00 made to him by the .bank, there was no valid act of pledge by the defendant in connection with the Manor Development Corporation loan and therefore plaintiff is entitled to payment of its garnishment out of any excess of defendant’s deposits over his indebtedness of $22,000.00 to the bank and over the amount due under the prior garnishment.
We do not agree with plaintiff’s first contention. The fact that, prior to plaintiff’s garnishment the bank permitted withdrawals from defendant’s saving and checking accounts, which withdrawals reduced the total amount of the pledged deposits, did not result in a surrender of the pledge or pledges. The creditor is free to reduce the amount of the security if he sees fit and does not thereby invalidate the pledge; there remains a valid pledge of that portion of'the security which is retained by the creditor. Dickson Ice Cream Co. v. Knight, 177 La. 735, 149 So. 439.
Nor do we agree with the second contention. Plaintiff argues that there was no actual delivery of the thing given in pledge as is required in that type of contract. It is true that possession of the thing given in pledge and, ordinarily, actual delivery thereof are essential to the contract under our LSA-Civil Code Art. 3152. That article provides:
“It is essential to the contract of pledge that the creditor be put in possession of the thing given to him in pledge, and consequently that actual delivery of it be made to him, unless he has possession of it already by some other right." LSA-C.C. Art. 3152. (Emphasis ours.)
But it is quite clear that the instant case is covered by the exception to the general rule. The bank already had possession of the deposits and under the italicized portion of the article there was no need to make the actual delivery which otherwise would have been required.
Plaintiff also argues that the defendant’s deposits were never validly pledged to secure the payment of the Manor Development Corporation loan. Such a pledge can be found only in the corporation’s note and the defendant’s continuing guarantee thereof. The note by its terms pledged the balance of every deposit account “ * * * which the parties hereto and any of them may at any time have with the Bank.” There was therefore a valid pledge of the corporation’s deposit accounts with the bank for the corporation was maker of the note. The continuing guarantee signed by the defendant provided “I do futhermore bind and obligate myself, my heirs and assigns, in solido with said debtor, for payment of the said indebtedness precisely as if the same had been contracted and was due and owing by me in person, hereby agreeing to.and binding myself, my heirs and assigns, by all terms and conditions contained in any note or notes signed or to be signed by the said debtor, making myself a party thereto; * * * In view of the fact that by the guarantee the defendant made himself a party to the corporation note and that note, by its terms, pledged the balance of every deposit account which the parties thereto had with the bank, we are of the opinion that the two instruments, the corporation note and the continuing guarantee together, constitute a valid pledge of the defendant’s deposit accounts to secure the payment of the loan to the corporation.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.