347 So.2d 332 (1977)
Robert P. NAQUIN
v.
The AMERICAN BANK OF LULING, Louisiana, et al.
No. 8114.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
*333 Morris G. Becnel, Boutte, for plaintiff-appellant.
Leon C. Vial, III, Vial, Vial & Lemmon, Hahnville, for defendants-appellees.
Before REDMANN, GULOTTA and BEER, JJ.
REDMANN, Judge.
Plaintiff questions defendant bank's having applied half of plaintiff's late parents' $9,000 savings account against a debt owed to the bank by plaintiff's brother.
The father had executed an "assignment" of the account to the bank "as a security for $16,557.60." The trial judge correctly ruled that this "assignment" was a pledge to secure payment of the $16,557.60 loan made the same day to plaintiff (with the father and brother co-signing the note) and not a then payment against the loan.
Any argument that the "assignment" was not a pledge but a payment would place upon it a construction which is unacceptable because absurd, La.C.C.1945(3), and a construction contrary to that placed upon it by the parties themselves, C.C. 1956, in allowing the loan and the savings account both to continue to exist.
*334 Plaintiff's argument is unfounded that the acceptance of a pledge from a third person defeats the pledgee's right to enforce the principal obligation against the obligor in personam except after first enforcing it in rem against the thing pledged. "The pawn invests the creditor with the right of causing his debt to be satisfied. . . out of the product of the movable. . . which has been thus burdened." C.C. 3157 (emphasis added). The pledgee has the right but no obligation to execute against the pledge.
Pledge is but an "auxiliary" obligation, C.C. 3136 (just as suretyship and mortgage are "accessory" obligations, C.C. 3035 and 3284). The principal obligation here, plaintiff's obligation to repay the money it borrowed from defendant is not canceled or reduced by the pledge of a third party's savings account (although one might recoil at a bank's insisting on suing a borrower whose own savings account with the bank, pledged to secure the loan, was sufficient to pay the loan).
After the death of the parents it was at least possible, though not certain, that plaintiff himself had inherited an undivided half of his parents' savings account. Were that the case, the bank might appropriately have recognized some kind of obligation (not necessarily a legal obligation) to credit plaintiff's then past due loan with his half of the savings account, and not to sue him for the entire balance. But there was no legal obligation upon the bank to apply the other half of the account (that possibly inherited by plaintiff's brother) to plaintiff's loan.
The bank's only obligation is to preserve the pledge against "loss or decay", C.C. 3167, and to return it when the principal obligation is discharged, C.C. 3164. The bank's applying that second half of the account to the brother's debt amounts to a return to the brother of the portion of the pledge which he presumably inherited.
Plaintiff complains, and the brother testified, that the brother owed him $4,000 and had therefore agreed that this account would be used entirely to reduce plaintiff's debt. But that agreement is not contained in the agreements with the bank (the note and the "assignment") signed by the brother.
In sum, this case is substantially that of a loan secured by pledge of an accommodation co-maker's property, in which the pledge has been returned to the co-maker's heir. We find no cause of action in favor of the borrower against the lender.
Affirmed.