693 So.2d 355 (1997)
MAHAYNA, INC.
v.
POYDRAS CENTER ASSOCIATES, a Louisiana Joint Venture.
No. 96-CA-2089.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1997.
Rehearing Denied May 30, 1997.
*356 F. Frank Fontenot, Mark P. Dauer, Milling, Benson, Woodward, Hillyer, Pierson & Miller, L.L.P., New Orleans, for Appellant.
Karen H. Freese, Stone, Pigman, Walther Wittmann & Hutchinson, Baton Rouge, for Appellee.
Mark P. Folse, Baton Rouge, Amicus Curiae.
Before SCHOTT, C.J., and KLEES and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
This dispute is between two creditors of Mahayna, Inc. over the proceeds of a judgment taken against Poydras Center Associates. The creditors are Whitney National Bank and Haywilk Galvanizing, Inc.. Whitney's claim is based upon its seizure of the proceeds under a writ of fieri facis. Haywilk's claim is based upon an instrument it alleges was a partial assignment of the proceeds by Mahayna. From a judgment in favor of Haywilk, Whitney has appealed. We reverse.
C. Peck Hayne owned fifty per-cent of the stock in Mahayna. In 1990 both Hayne and Mahayna were in financial trouble. In order to alleviate Mahayna's cash shortage, Hayne arranged a loan for Mahayna from Haywilk. Hayne and his brother each owned forty percent of the stock in Haywilk. Hayne was also an individual creditor of Mahayna. In the meantime, Hayne owed Whitney over one million dollars and had guaranteed loans of over another million dollars made by Whitney to Mahayna. On August 16, 1990, an agreement was confected among Mahayna, Hayne, and Haywilk.
The agreement is clear and unambiguous so that the trial court properly excluded the testimony of Hayne's brother, Frank, which Haywilk proffered to explain the agreement. The agreement consisted of a stock pledge and an assignment by Mahayna of its rights of recovery in a suit Mahayna filed in Civil District Court against Poydras Center Associates.
The agreement recites that Haywilk had loaned Hayne $150,000.00 and had taken notes for this amount which carried ten per cent interest until paid. It further recites that this loan to Hayne was for the benefit of Mahayna. The agreement begins with several paragraphs concerning the stock pledge by Mahayna as security for Haywilk's loan to Hayne. The portion of the agreement concerning the stock pledge is not at issue in this case. The problem is with the assignment. Immediately following the paragraphs concerning the stock pledge, the agreement provides:
AND AS ADDITIONAL SECURITY for the said loan, Mahayna, Inc. does acknowledge that it will benefit by borrowing from C. Peck Hayne the above specified funds under loan to him by Lender [Haywilk]; and in light of this and other good and valuable consideration, it does by these presents pledge and or assign, transfer, set over, and deliver unto said Lender, as security for the loans aforesaid, any and all sum or sums now due or owing said assignor, and all claims, demands and cause or causes of action of whatever kind and nature, which said assignor [Mahayna, Inc.] has or now has or may have against Poydras Center as now being asserted ... And, secondly, Mahayna, Inc. does by these presents pledge and/or assign, on a subordinate and secondary basis the said rights against Poydras Center to Borrower C. Peck Hayne for credit against the sums loaned or advanced by him to both Mahayna, Inc. and Today's Catch, Inc.
AND the said assignor hereby authorizes and directs Poydras Center ... with regard to any payments due and owing or *357 to become due and owing to assignor, that the same be made to Lender Haywilk ... which is hereby empowered to ask, demand, and continue prosecution of suit for collect, receipt, compound and give acquittance for the said claim ... (it being understood and agreed by Lender that in the event of collection by it of any sums in excess of the amounts due it by Borrower [Hayne] then said funds shall be subject to the successive assignment to C. Peck Hayne described above and shall be paid to him.)
Mahayna filed its suit against Poydras Center Associates in 1989. Mahayna assigned its interest in the suit to Haywilk in August 1990. In May 1992 Whitney seized Mahayna's interest in the suit pursuant to a writ of fieri facias. In June 1993 Haywilk intervened in the lawsuit and this constituted the first notice of the assignment to Poydras. After Mahayna obtained a judgment against Poydras in the trial court, Poydras appealed to this court which amended the amount of the judgment to $176, 411. Mahayna, Inc. v. Poydras Center Associates, (La.App. 4th Cir. 1995). That judgment became final when the Supreme Court denied writs on March 22, 1996. Poydras deposited into the registry of the court the amount due under the judgment leaving Whitney and Haywilk to assert their claims.
Whitney's first argument is that Haywilk acquired only a security interest in the lawsuit which was unperfected at the time of Whitney's seizure because Haywilk failed to file a financing statement as required by LSA-R.S. 10:9-302 until October, 1994. Haywilk argues that the agreement was not a pledge or security device but was a partial assignment of the judgment proceeds.
A pledge differs from an assignment in that an assignment vests title in the transferee. Simply because the word "pledge" is used in the agreement, the security transaction is not invalid as an assignment. First National Bank of Commerce v. Hibernia National Bank, 427 So.2d 569, 573 (La.App. 4th Cir.1983), citing American Bank & Trust Co. v. Louisiana Sav. Association, 386 So.2d 96, (La.App. 3rd Cir.1980). With an assignment, the transferee has the present and immediate right to pursue the underlying judgment and receive and apply funds to the indebtedness contemporaneously with the signing of the agreement; whereas with a pledge, the pledgee has to wait until the loan goes unpaid or matures in order to collect. First National Bank citing Dauzat v. Simmesport State Bank, 167 So.2d 681 (La.App. 3rd Cir. 1964).
In Dauzat, Gremillion financed a loan from Simmesport State Bank by assigning to the bank all payments he would receive from Atlas under a contract. Plaintiff, Dauzat, was paid with a check by Gremillion and deposited it with the bank for collection. The bank applied all money paid by Atlas to the balance of Gremillion's bank loan and none toward Dauzat's check. The court held that although the bank had obtained an assignment as security for the loan, the assignment nonetheless transferred ownership of the Atlas funds paid to the bank until Gremillion's indebtedness would be satisfied. The court found that the transaction was a valid assignment and transfer of ownership even though it was conditioned upon Gremillion not having repaid his loan prior to the payment of funds due Gremillion by Atlas to the bank. The court held that a contract of security may be in the form of a sale.
In Dupuis v. Faulk, 609 So.2d 1190 (La. App. 3rd Cir. 1992), conflicting claims were made for proceeds of a lawsuit brought by Earl Dupuis and his wife Dawn. One of the claimants, Broussard, relied upon an assignment to him by Dupuis. The assignment was made in connection with a loan by Broussard to Dupuis. Dawn Dupuis argued that her writ in assertion of her claim for past due child support payments had precedence over Broussard's assignment because the assignment had not been filed in the conveyance or mortgage records as required by R.S. 10:9-102 and was thus an unperfected security interest. The court held that the assignment constituted a transfer of the proceeds of the lawsuit akin to a sale, and since Dupuis had divested himself of his rights to the proceeds, the assignment was not collateral for the loan and was not subject to R.S. 10:9-102. The court held that this statute *358 only applies where the parties intend to create a security interest in the property.
The defining difference between a pledge and an assignment of ownership is the transferee's immediate right in this case to pursue and collect judgment proceeds contemporaneously with the signing of the agreement. The agreement vested Haywilk with this right. Regardless of the verbiage in the agreement, ownership of judgment proceeds was transferred as the intended payoff of the debt, not to secure the debt in the event of default. The terms of the contract clearly support a finding that an assignment and transfer of the judgment proceeds was intended and accomplished by the parties. Consequently, R.S. 10:9-102 has no application to this case.
Next, Whitney argues that its claim ranks ahead of Haywilk's because at the time Whitney made its seizure notice of the assignment had not been given to the debtor, Poydras Center. When the assignment was executed in 1990 the law as embodied in C.C. art. 2643 provided that an assignment would be effective as against third persons only after notice of the assignment was given to the debtor. In the present case, notice was not given until 1993, after Whitney made its seizure. However, under the 1990 version of art. 2643 a partial assignment was effective without the necessity of notice. Haywilk argues that it got only a partial assignment because it received only that part of Poydras' debt which was sufficient to pay Hayne's debt to Haywilk. The plain wording of the agreement does not support this argument.
Mahayna assigned all of its claim to Haywilk with the stipulation that if anything was left over after payment of Haywilk's claim against Mahayna the remainder would go to Hayne. From Mahayna's point of view, this was a total assignment. It retained no part of its claim against Poydras. From Haywilk's point of view it took over the entire prosecution of Mahayna's lawsuit. The agreement empowered Haywilk to collect the entire balance, take out what was required to satisfy its claim against Hayne and give him the difference. We have concluded that this was a total assignment, not a partial one, and notice to Poydras was required by art. 2643 for the assignment to be effective against a third person like Whitney.
As to the effect of the failure to give notice of the assignment to Poydras the answer is clear from Folse v. Dale, 197 La. 511, 2 So.2d 6 (La.1941), at 2 So.2d 10 the court stated:
It has been held that the assignment of an incorporeal right grants the assignee an inchoate title only until notice of the assignment is served on the debtor and the assignor's property rights and interest may be seized by his creditor up to the time of notice to the debtor but not thereafter. Kimball v. Plant et al., 14 La. 10; Dolsen v. Brown, 13 La.Ann. 551; Marshall v. Parish of Morehouse, 14 La.Ann. 689; Relf v. Boro, 17 La.Ann. 258; White v. Bird, 20 La. Ann. 282; Golsan v. Powell, 32 La. Ann. 521 and Newman v. Irwin, 43 La. Ann. 1114, 10 So. 181.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of Whitney National Bank and against Haywilk Galvanizing, Inc., ordering that the funds on deposit in the registry of the Civil District Court in these proceedings be paid to Whitney National Bank.
REVERSED AND RENDERED.