**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**RING CONSTRUCTION, LLC**

**VERSUS**

**CHATEAU DES LIONS, LLC**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 03-4031
HONORABLE GLENN EVERETT, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Michael G. Sullivan and James T. Genovese, Judges.

**AFFIRMED.**

**David C. LaBorde**
**The LaBorde Law Firm, LLC**
**102 Asma Boulevard, Suite 100**
**P.O. Box 80098**
**Lafayette, LA 70598-0098**
**(337) 261-2617**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chateau des Lions, L.L.C.**

**Shelly D. Dick**
**Forrester, Jordan & Dick, L.L.C.**
**7809 Jefferson Hwy., Bldg. G**
**Baton Rouge, LA 70809**
**(225) 928-5400**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chateau des Lions, LLC**

**Paul J. McMahon, III**
**P.O. Box 3643**
**Lafayette, LA 70502-3643**
**(337) 233-6768**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ring Construction, L.L.C.**

**Steven B. Loeb**
**Braezeale, Sachse & Wilson, L.L.P.**
**23rd Floor – One American Place**
**P.O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ring Construction, L.L.C.**

**Eugene R. Preaus**
**Edward C. Gleason**
**Preaus, Roddy & Associates, L.L.P.**
**650 Poydras Street, Suite 1650**
**New Orleans, LA 70130-6114**
**(504) 529-5695**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Hartford Casualty Insurance Co.**

**COOKS, Judge.**

Appellant asks this court to vacate a judgment confirming an Award of Arbitrators, and remand the matter to allow discovery of the actual consideration paid on an assignment so it can extinguish the debt by subsequent payment of that consideration. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Ring Construction sued Chateau Des Lions, alleging it was owed money for repair work that was performed at the Chateau apartment complex in Lafayette in October 2002 as a result of Hurricane Lily. The parties eventually agreed to binding arbitration, and the trial court stayed the proceedings pending the arbitration. On July 27, 2004, the arbitration panel rendered an opinion in favor of Ring for damages in the amount of $315,131.50.

Ring filed a Motion to Lift Stay to obtain an order confirming the arbitration award. While Ring's motion was pending, an assignment was executed whereby Ring assigned to Hartford Casualty Insurance Company all of its right, title and interest in and to the award of the arbitrators. Apparently, Ring had several liens pending on another construction project, and assigned its award against Chateau to Hartford to secure a release of the liens and general indemnity agreement.

After becoming aware of the assignment, Chateau filed a peremptory exception of No Right of Action and Lack of Standing asserting that Ring no longer had standing to seek confirmation of the arbitration award as a result of the assignment. Chateau also filed an Exception asserting the Sale of a Litigious Right and asked the trial court to stay the proceedings so that Chateau could determine what consideration had been paid to Ring for the assignment so that Chateau could exercise its right to

-1-

extinguish the debt, namely the arbitration award, by tendering to Hartford the amount or price paid for the assignment with accrued interest. Hartford then intervened as party plaintiff, asserting it had an interest in the proceedings that had been conferred to it by Ring in the assignment. A few days later Hartford filed a Motion and Order to Dismiss its Petition of Intervention. An order was subsequently signed dismissing Hartford without prejudice from these proceedings.

The trial court denied Chateau's exceptions and asked the parties to submit a judgment confirming the arbitration award. Judgment eventually was entered confirming the arbitration award and denying Chateau's peremptory exceptions. Chateau filed a Motion for New Trial, which was denied by the trial court. This appeal followed.

## ANALYSIS

Chateau argues the district court erred in denying its Exception asserting the Sale of a Litigious Right, contending La.Civ.Code art. 2652 allows the debtor to extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, along with the accrued interest. La.Civ.Code art. 2652 reads in pertiment part as follows:

> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
>
> A right is litigious for that purpose, when it is contested in a suit already filed.

Chateau alleges that Ring sold a litigious right to Hartford, thereby invoking La.Civ.Code art. 2652, which would allow Chateau to escape its liability under the arbitration award by paying to Hartford the consideration for the alleged sale of the

litigious right. We disagree. The assignment executed by Hartford served to effect a security interest in the award, not a sale. The pertinent provisions in the assignment are as follows:

> **Assignment.** Assignor hereby assigns, conveys, transfers, delivers and grants a *security interest* to Assignee, as additional security for the obligations of Ring under the General Indemnity Agreement, as well as in connection with the Release of Lien Bonds issued by Hartford, of all its right, title and interest in and to the Award, a copy of which is attached hereto . . . . Ring and Hartford agree that the consideration for this Assignment, including Hartford's decision not to exercise, at this time, certain rights which Hartford has under the General Indemnity Agreement and as a matter of law, equals or exceeds the amount of the Award and any Order or Judgment issued in connection therewith.
>
> . . . .
>
> **Execution.** In the event of the declaration by Hartford that Ring is in default of any of its obligations under the General Indemnity Agreement, Hartford is hereby given full and irrevocable authority to collect the Award and any Order of Judgment issued in connection therewith and *to hold the amounts collected as collateral* for the obligations of Ring to Hartford, provided that when all liability of Hartford, under all Bonds, has been issued, including the Release of Lien Bonds, *that the balance of any collateral remaining after Hartford has reimbursed itself for all liability, losses and expenses shall be returned to Ring.*

(Emphasis added.)

Pursuant to the wording of the assignment, Ring argues its clear effect was to provide Hartford a security interest in the arbitration award. La.Civ.Code art. 2046 specifically provides "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

Chateau argues the use of particular terms within an agreement does not alone characterize the agreement or invalidate a finding that the agreement was an assignment. In support of this argument, it cites the fourth circuit opinion in

*Mahayna, Inc. v. Poydras Center Associates*, 96-2089 (La.App. 4 Cir. 4/30/97), 693 So.2d 355, *writ denied*, 97-1741 (La. 10/13/97), 703 So.2d 619. In *Mahayna*, Haywilk Galvanizing, Inc. loaned C. Peck Hayne $150,000 for the benefit of Mahayna, Inc., a corporation in which Hayne owned a fifty percent interest. In return, Mahayna gave Haywilk both a stock pledge and an assignment of its rights of recovery in a contract dispute lawsuit pending against Poydras Center. Mahayna filed its suit against Poydras in 1989. Mahayna assigned its interest in this suit to Haywilk in August 1990. In May 1992, Whitney National Bank, an additional creditor of Mahayna, seized Mahayna's interest in the suit pursuant to a writ of *fieri facias*. Mahayna's judgment against Poydras became final in March 1996. Both Whitney and Haywilk claimed the proceeds of the judgment. The district court rendered judgment in favor of Haywilk and against Whitney, ordering that the funds from Mahayna's judgment against Poydras be paid to Haywilk. Whitney appealed.

The appellate court rejected Whitney's argument that Haywilk acquired only a security interest in the lawsuit which was unperfected at the time of Whitney's seizure because Haywilk did not file a UCC-1 financing statement. The *Mahayna* court agreed with Haywilk that the agreement was intended as a true assignment of the judicial proceeds rather than a security interest. The court stated that "[s]imply because the word 'pledge' is used in the agreement, the security transaction is not invalid as an assignment." *Id*. at 357. The court found that "[t]he terms of the contract clearly support a finding that an assignment and transfer of the judgment proceeds was intended and accomplished by the parties." *Id*. at 358.

While *Mahayna* is analagous in many respects to the present case, it does not change our opinion that the trial court did not err in finding the assignment at issue

-4-

here was a security device and not a transfer of full ownership in the judgment. We note a strongly worded dissent in *BG Wire Rope & Slings, Inc. v. Dyson*, 03-2390 (La.App. 1 Cir. 9/17/04), 884 So.2d 688, *writ denied*, 04-2993 (La. 3/24/05), 896 So.2d 1045, that suggested *Mahayna* should not be followed. The dissent stated as follows:

> I respectfully suggest that [*Mahayna*] was wrongly decided or at least should be limited to its facts. *See* David Willenzik, **Louisiana Secured Transactions**, Appendix 2. UCC Article 9 Case Law (1999) § 4, Personal Observations. This article states: "The appeals court was correct in holding in favor of Whitney [Bank], but did so for the wrong reasons." It continued, "Clearly, the parties intended that the assignment of Mahayna's interest in its lawsuit against Poydras **be given as security** for Hayne's . . . loan to Haywilk, which loan was made for the benefit of Mahayna. As such, the transaction was a 'security interest' under La UCC § 1 201(37) and a secured transaction subject to Louisiana UCC Article 9. The Appeals court erred in not recognizing this fact." (Emphasis added.) The article's final observation was that, "[t]he *Mahayna* [decision] is the first case decided by a Louisiana Court that incorrectly interpreted and applied the provisions of Louisiana UCC Article 9. Whitney did not appeal this decision to the Louisiana Supreme Court in that Whitney was the prevailing party even though the Appeals Court was wrong in its legal holding."

*Id*. at 693.

The assignment given to Hartford by Ring specifically "assigns, conveys, transfers, delivers and grants a *security interest* to Assignee." Further, unlike *Mahayna*, after the assignment was executed, Hartford filed the assignment with a UCC-1, which is a financing statement used to perfect security interests. We find no error in the trial court's finding the parties intended that the assignment of Ring's right and interest in the arbitration award serve as security for the obligation it separately undertook to Hartford. The assignment provided that the "balance of any collateral remaining after Hartford has reimbursed itself for all liability, losses and

-5-

expenses shall be returned to Ring." The assignment, thus, was not completely translative of ownership.

Chateau argues further that the trial court erred when it confirmed the arbitration award before it lifted the previously imposed stay. It asserts, because the stay had not been lifted, the judgment is an absolute nullity and must be vacated.

In its motion seeking to obtain confirmation of the arbitration award, Ring expressly requested that the stay be lifted. Inadvertently, the trial court failed to lift the stay when it issued the judgment confirming the arbitration award. When this was brought to the trial court's attention in the Motion for New Trial, the court addressed its oversight as follows:

> THE COURT: Well, with respect to failure to lift the stay, that was self-evident. I mean, the ruling alone did that. The stay was only to allow the case to go to the arbitrator. Once it gets back, its self-evident. I'm not inclined to amend the judgment. That was self-evident. All we're doing then is delaying this process again. . . I'm not doing anybody any good in amending the judgment and putting self-evident language in it. Once I made it a final judgment, it was self-evident. So that issue I don't think is significant and I'm not going to change my mind. Everything else deals pretty much with what I think this assignment is. Can we all agree on that?
>
> COUNSEL FOR CHATEAU: Yes, sir.
>
> COUNSEL FOR RING: Yes, sir.

In brief, Chateau cites federal bankruptcy law, noting it has long been held in bankruptcy cases that "actions taken in violation of [a stay] are void *ab initio* and are without effect." *See United Bldg. Co. v. Harp*, 25,852 (La.App. 2 Cir. 6/22/94), 639 So.2d 349. The filing of a federal bankruptcy petition operates as an automatic stay under 11 U.S.C. § 362 that prevents creditors from commencing or continuing judicial or administrative proceedings against the debtor. However, actions for

nullity, filed pursuant to Louisiana law, are governed by La.Code Civ.P. art. 2002. Chateau did not reference any grounds found in art. 2002 to support its claim that the judgment is an absolute nullity.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Chateau des Lions, L.L.C.

**AFFIRMED.**